UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 94-5641

JAMES FELTON,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 94-5642

RICHARD MILLAN, a/k/a Richie,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 94-5643

ALBERT SANDERS, a/k/a Bo Bo,
Defendant-Appellant.

Appeals from the United States District Court
for the Western District of Virginia, at Danville.
Jackson L. Kiser, Chief District Judge.
(CR-93-88)

Submitted: February 20, 1996

Decided: March 19, 1996

Before HAMILTON and LUTTIG, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James J. Angel, Lynchburg, Virginia; J. Patterson Rogers, III, Danville, Virginia; Grady W. Donaldson, Jr., SCHENKEL & DONALDSON, P.C., Lynchburg, Virginia, for Appellants. Robert P. Crouch, Jr., United States Attorney, Ruth E. Plagenhoef, Assistant United States Attorney, Thomas E. Booth, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James Felton, Richard Millan, and Albert Sanders appeal their convictions by a jury on federal cocaine and firearms charges. Felton was convicted of conspiracy to make false statements to purchase firearms, 18 U.S.C.A. § 371 (West 1966 & Supp. 1995); aiding and abetting the possession of crack cocaine with intent to distribute, 18 U.S.C. § 2 (1988), 21 U.S.C. § 841(a)(1) (1988); carrying a firearm during a drug trafficking crime, 18 U.S.C.A. § 924(c)(1) (West 1995); and five counts of aiding and abetting the making of false statements to purchase a firearm, 18 U.S.C.A. § 924(a)(1)(A) (West 1995). Millan was convicted of conspiracy to make false statements to purchase firearms and possession of cocaine with intent to distribute. Sanders was convicted of conspiracy and aiding and abetting the use of false statements to purchase a firearm. Felton also appeals the district court's findings at sentencing that he was responsible for 125 grams of crack cocaine and that he was an organizer or leader of a conspir-

2

acy involving five or more persons under USSG § 3B1.1(a).[1] Finding no error, we affirm.

Defendants' convictions arose from their association in Felton's scheme to recruit straw purchasers--Yvonne and Eula Mae Felton, Pamela Poteat, Eligah Motley, and others--to buy firearms from Virginia gun dealers. Defendants kept several of the firearms for personal use and transported the remainder to New York to exchange for money or crack cocaine. Felton and others then sold the crack cocaine in Danville, Virginia. Witnesses testified that Felton was a crack dealer. Eula Mae Felton, one of Felton's straw purchasers, testified that Felton usually brought one to two ounces of crack back from his trips to New York. On one occasion, he brought an eighth of a kilogram.[2] She testified that Felton was the head of the guns-for-drugs operation.

Appellants claim the evidence at trial was insufficient to support their convictions. Felton also raises two sentencing issues. We will address these claims in turn.

I. Sufficiency of the Evidence.

This court will uphold a jury verdict if substantial evidence supports it. Glasser v. United States, 315 U.S. 60, 80 (1942). The inquiry on appeal is whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt, viewing the evidence in the light most favorable to the government. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Circumstantial and direct evidence is considered, and the government enjoys all reasonable inferences which can be drawn from the facts established. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). In resolving substantial evidence

_____

[1] United States Sentencing Commission, Guidelines Manual, § 3B1.1 (Nov. 1994).

[2] Eula Mae Felton testified that Felton bought an "eight," referring to an eighth of a kilogram or 125 grams. Although Eula Mae did not know the weight of an "eight," James Felton told her that its street value was $13,000. Since Felton also told her that the street value of an ounce of crack was $2500, it is reasonable to infer that "an eight" refers to a quantity between four and five ounces, or an eighth of kilogram.

challenges, we do not weigh evidence or review witness credibility. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).

A. Richard Millan.

Millan was convicted of conspiracy to make false statements to purchase firearms, to deliver those firearms to persons known to reside in another state, and to transport firearms across state lines. See 18 U.S.C.A §§ 371, 922(a)(3), (5), 924(a)(1)(A) (West 1966 & Supp. 1995). "To sustain a conviction for conspiracy under § 371, the government must prove an agreement or understanding between two or more persons to commit a criminal act and an overt act by one of the coconspirators in furtherance of the conspiracy." United States v. Caudle, 758 F.2d 994, 997 (4th Cir. 1985) (citation omitted). A jury may infer an agreement from the facts and circumstances of the case. Id. Evidence must show a defendant's knowledge of the agreement and some expression of his participation therein. Id.

We find sufficient evidence to sustain the guilty verdict against Millan for conspiracy. Eula Mae Felton testified that on August 23, 1992, Millan, Sanders, and another coconspirator, Chino, used her to purchase firearms for them. Millan accompanied her to the gun store and pointed out the firearm he wanted her to buy. **3** Nathan Daniels testified that he was present when James Felton and Millan were wrapping a gun to take to New York. Millan placed the gun in a duffel bag. Pamela Poteat described Millan as Felton's"flunky." She recalled an episode in which Millan phoned New York for Felton to see "if they bought a gun and bullets how much they would get for it."

Millan was also convicted of possession of cocaine with intent to distribute. 21 U.S.C. § 841(a)(1). The Government introduced a vid-

_____

**3** Millan claims on appeal that his acquittal on a substantive count of making a false statement to purchase firearms reflects the jury's disbelief of Eula Mae Felton's testimony. He asserts, therefore, that the evidence against him must be reviewed on appeal without reference to her testimony. However, no such inference may be drawn from Millan's acquittal on the substantive count, even if the verdicts are logically inconsistent. United States v. Powell, 469 U.S. 57, 62-65, 69 (1984).

4

eotape of Millan packaging a small quantity of crack cocaine from a mirror as he talked with Felton. Felton was wearing a handgun in a shoulder holster. As Millan bagged the cocaine, Felton poured beer into a glass until it overflowed, to represent the size of "our business." Eula Mae Felton testified that Millan dealt crack cocaine and stored his supply in the ceiling tiles of her son's bedroom. Yvonne Felton admitted buying cocaine from Millan in Danville. The Government's evidence supports the inference that the videotape showed Millan packaging crack cocaine for sale. See United States v. Harris, 31 F.3d 153, 156-57 (4th Cir. 1994).

B. Albert Sanders.

Sanders was convicted of conspiracy. Evidence at trial showed that Sanders used Eula Mae Felton and Poteat as straw purchasers and recruited Eligah Motley to purchase firearms, saying that Sanders and James Felton were in the same "organization." Moreover, Sanders took a shipment of firearms to New York to sell at James Felton's behest. Unable to find a buyer, Sanders telephoned Felton from New York, and Felton came to New York to complete the sale. We find the evidence sufficient to show Sanders's participation in the firearms scheme, his agreement with Felton and others, and numerous overt acts in furtherance of the conspiracy. See Caudle, 758 F.2d at 997.

Sanders was also found guilty of the substantive crime of aiding and abetting the making of a false statement to a gun dealer for the purpose of purchasing a firearm. Sanders accompanied Eula Mae Felton to a gun store, selected the firearms he wanted, and used her to purchase the guns on his behalf. Sanders's conduct is sufficient to sustain a finding of guilt under § 924(a)(1)(A). See United States v. Hartzog, 983 F.2d 604, 606-07 (4th Cir. 1993); United States v. Ortiz-Loya, 777 F.2d 973, 981-82 (5th Cir. 1985).

C. James Felton.

We also find sufficient evidence to support the jury's finding that James Felton conspired with others to buy firearms by means of straw purchases in Virginia and to take the firearms to New York to exchange for cash and cocaine. Several of Felton's co-conspirators described how Felton recruited them to purchase guns for him to sell

5

in New York for crack cocaine. As noted above, Felton often accompanied the purchasers to the firearms dealers. Witnesses confirmed that Felton dealt crack cocaine in Danville.

Felton was convicted of possession of cocaine with intent to distribute based upon the videotape evidence depicting him and Millan discussing the size of their "business" while Millan packaged crack cocaine. The tape showed Felton wearing a holstered 9mm handgun. Felton claims on appeal that the evidence does not show that he possessed or intended to distribute Millan's cocaine.

Mere presence at a location where drugs are found or association with someone possessing drugs is insufficient to establish possession. United States v. Samad, 754 F.2d 1091, 1096 (4th Cir. 1984). In this case, however, witnesses testified concerning Felton's drug dealing and leadership in the organization. Millan was described as Felton's subordinate or "flunky." Moreover, as Millan bagged cocaine, Felton portrayed the scope of their "business" by pouring beer into a glass until it overflowed. See United States v. Echeverri, 982 F.2d 675, 678 (1st Cir. 1993) ("attendant circumstances" showing more than defendant's mere presence). A reasonable juror could have inferred that Felton had dominion and control over the cocaine and that he was part of a group that collectively possessed the cocaine with intent to distribute. See United States v. Zandi, 769 F.2d 229, 234-35 (4th Cir. 1985); United States v. Schocket, 753 F.2d 336, 340 (4th Cir. 1985). Because the videotape plainly shows Felton wearing a handgun while meeting with Millan, who was packaging drugs for resale, sufficient evidence also supports his conviction for carrying a firearm during a drug trafficking crime. 18 U.S.C.A. § 924(c)(1).

Felton was convicted on five counts of aiding and abetting the use of false statements to purchase a firearm. 18 U.S.C.§ 2; 18 U.S.C.A. § 924(a)(1). Felton's convictions stemmed from the following purchases: (1) Eula Mae Felton's August 15, 1992, purchase for Felton from Cedar Hill Gun, Skeet, and Swim Club; (2) Pamela Poteat's November 23, 1991, purchase for Felton from Magun Force Gun Sales; (3) Pamela Poteat's October 24, 1992, purchase from Raymond Guns and Supplies; (4) Eligah Motley's October 4, 1993, purchase from Raymond Guns and Supplies; and (5) Eligah Motley's October 22, 1992, purchase from Raymond Guns and Supplies. At trial, the

straw purchasers admitted buying these firearms for Felton. The Government also presented the falsified purchase forms used in the transactions. This evidence is certainly adequate to sustain his convictions. See Hartzog, 983 F.2d at 606-07; Ortiz-Loya, 777 F.2d at 981-82.

II. Felton's Sentence.

Felton objects to the sentencing court's finding that he was "an organizer or leader of a criminal activity that involved five or more participants," under USSG § 3B1.1(a). He also challenges the court's attribution of 125 grams of crack cocaine to him for sentencing purposes. Because Felton noted his objections at sentencing, the Government was required to prove Felton's role in the conspiracy and the drug amount by a preponderance of the evidence. See McMillan v. Pennsylvania, 477 U.S. 79, 91 (1986). However, this court reviews these district court findings only for clear error. United States v. Hicks, 948 F.2d 877, 881 (4th Cir. 1991); United States v. Vinson, 886 F.2d 740, 742 (4th Cir. 1989), cert. denied, 493 U.S. 1062 (1990).

We find no clear error in this instance. Trial testimony established that James Felton recruited and directed associates and straw purchasers for his operation, including Yvonne Felton, Eula Mae Felton, Poteat, Motley, Chino, Sanders, and Millan. Eula Mae Felton's assertion that Felton was the head of the conspiracy is supported by the testimony of the other witnesses. Similarly, the sentencing court did not clearly err in crediting her testimony that James Felton sold at least an eighth of a kilogram of crack cocaine during the conspiracy. The number of guns purchased and witness testimony that Felton imported and dealt crack in Danville over a period of years support the district court's finding.

We affirm the judgments of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

7